IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONYA A. MACKIN           :
                          :
    v.                    :  Civil Action No. DKC 16-3923
                          :
CHARLES SCHWAB & CO., INC.
et al.                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is the motion to dismiss filed by Defendant Charles Schwab & Co., Inc. ("Schwab") and Defendant Gregory Matthews (collectively, "Defendants"). (ECF No. 5). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted, in part, and denied, in part.

I. **Background**[1]

   A. **Factual History**

Plaintiff was an Associated Financial Consultant ("AFC") at Schwab's branch in Gaithersburg, Maryland. She alleges that the Financial Consultants ("FCs") at her branch were reluctant to work with her and made a number of racially insensitive

---

[1] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

comments.[2]  For example, one FC allegedly told a black employee who was going to New York for a holiday to "have fun [and] don't go to jail[.]"  (ECF No. 1, at 10).  Another FC allegedly referred to President Obama as "that boy" because of his race. (*Id.*).  She further alleges that she was required to do administrative tasks not required of a white AFC at Schwab's Bethesda branch.

Plaintiff also alleges that she was retaliated against for filing an EEOC complaint in 2012.  She alleges that she received a written warning and lost a sales bonus due to a complaint from a client even though two FCs — one of whom was a white male and one of whom was an Asian male — had not received the same treatment when they received complaints from the same client. She also alleges that the branch manager intentionally excluded her from a text notifying employees that the branch was closed due to weather during Hurricane Sandy.  (ECF No. 1, at 12-13).

B.  **Procedural History**

Plaintiff filed a charge of discrimination with the EEOC in May 2013.  She received a right to sue notice on September 9,

---

[2] An AFC works with clients with less than $250,000 in assets and performs others tasks in the office.  FCs work with clients with more than $250,000 in assets.  When an AFC uncovers a lead for a client with greater than $250,000 in assets, the AFC refers the lead to an FC.  (ECF No. 1-2, at 8).

2

2016.[3] Plaintiff brought this complaint alleging employment discrimination and hostile work environment on account of race, color, and gender and retaliation all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, on December 7, 2016. Defendants moved to dismiss. (ECF No. 5).

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in a complaint must be

---

[3] Defendants originally moved to dismiss arguing that the complaint was untimely and the right to sue notice was a legal nullity because the EEOC had originally issued a right to sue notice on April 30, 2015, and Defendants were unaware that the notice had been rescinded. (ECF No. 5-1, at 6). Defendants withdrew that part of their argument when the EEOC responded to their FOIA request. (ECF No. 10).

considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

In analyzing a motion to dismiss, courts "focus their inquiry on the sufficiency of the facts relied upon by the plaintiffs in the complaint." *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). Courts "cannot go beyond these documents on a Rule 12(b)(6) motion." *E.I. du Pont de Nemours & Co v. Kolon Indus., Inc.*, 637 F.3d 435, 438 (4th Cir. 2011). Therefore, Defendants' attachments to the motion to dismiss cannot be considered at this stage.

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*,

429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

**III. Analysis**

    **A.    Timeliness**

Defendants argue that the suit was untimely because the right to sue notice was post-marked on September 1, 2016, and a presumption exists that "a plaintiff receives the right to sue notice three days after it was mailed." (ECF No. 5-1, at 8) (citing *Weathersbee v. Balt. City Fire Dep't*, 970 F.Supp.2d 418, 427 (D.Md. 2013)). This presumption, however, is not irrebuttable and is used when there is no evidence to the contrary. *Weathersbee*, 970 F.Supp.2d at 427. Here, Plaintiff

5

dated the envelope September 9 per instructions included with the right to sue notice. (ECF No. 1-2, at 4, 6). Plaintiff has also pled that she received the notice on September 9, and her pleading is accepted as true. (ECF No. 1, at 6); *Albright*, 510 U.S. at 268. Therefore, the complaint is timely for purposes of the motion to dismiss.

**B. Individual Liability**

Plaintiff brought suit against Gregory Matthews, her branch manager. Title VII does not provide a remedy against individuals. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *Lissau v. S. Food. Serv., Inc.*, 159 F.3d 166, 178 (4th Cir. 1998) ("Employees are not liable in their individual capacities for Title VII violations."). Therefore, Defendant Matthews will be dismissed from this case.

**C. Hostile Work Environment**

"To state a hostile work environment claim, [Plaintiff] must allege that: (1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Defendants argue that Plaintiff has not alleged sufficient facts to satisfy the severe or pervasive element.

"The 'severe or pervasive' element has both subjective and objective components." *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 333 (4th Cir. 2003). To satisfy the subjective component, the harassment must be severe or pervasive to the plaintiff personally. *Id.* To satisfy the objective component, courts look to all the circumstances including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1988) (internal quotation marks omitted). "A recurring point in these opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* (internal quotation marks and citation omitted).

In *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274 (4th Cir. 2008), plaintiff, who was black, alleged that her supervisor, who was white, had a "strained relationship" with plaintiff, the manager said that plaintiff and another black employee were "not of the caliber" to be a manager, and, in general, treated white employees more favorably. *Id.* at 277 (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit held that such actions did not rise to the level of a

7

hostile work environment because much of the conduct was not racial in nature, and, regardless, none of the facts demonstrated workplace harassment "sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere." *Id.* at 281 (internal quotation marks omitted).

As in *Hawkins*, Plaintiff's allegations that FCs were reluctant to work with her and that her job was difficult do not demonstrate a problem that was "racial in nature." 203 F.3d at 281. Moreover, Plaintiff's allegations about comments FCs made, at most, constitute the type of "rude treatment by coworkers [and] callous behavior by [her] superiors," *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 316 (4th Cir. 2008) (internal quotation marks and alterations omitted), that, although unpleasant, is not "sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere." *Hawkins*, 203 F.3d at 281 (internal quotation marks omitted). In sum, the allegations do not amount to a workplace "permeated with discriminatory intimidation, ridicule, and insult," *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted), and, thus, do not clear the "high bar" necessary "to satisfy the severe or pervasive test." *Sunbelt Rentals, Inc.*, 521 F.3d at 315. Therefore, Plaintiff has failed to state

a claim for hostile work environment and her claim will be dismissed.

**D. Unequal Terms and Conditions of Employment**

To prevail on her claim of racial discrimination, Plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Defendants argue that Plaintiff has not identified any adverse employment that would raise a discriminatory inference. (ECF No. 5-1, at 10-12). "An adverse employment action is a discriminatory act which adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004) (internal quotation marks omitted). An adverse employment action requires a "significant detrimental effect." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2005). Under this standard, the Fourth Circuit has looked for "any decrease in compensation, job title, level of responsibility or opportunity for promotion." *Boone v. Goldin*, 178 F.3d 253, 256-57 (4th Cir. 1999) (finding absent any decrease in salary or career opportunity a reassignment to a different job does not constitute an adverse employment action).

Here, Plaintiff has alleged that FCs "refused to accept the leads [she found] and would often not follow up with the clients" and that she had to do tasks that a white AFC did not have to do. (ECF No. 1, at 10). She has not alleged that there was any impact on her income or career and has not sought economic damages. (*See* ECF No. 1, at 7). Thus, Plaintiff has not alleged a materially adverse employment action, and her claim of unequal terms and conditions of employment will be dismissed.

**E. Retaliation**

To prevail on her retaliation claim, Plaintiff must show: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman*, 626 F.3d at 190. Defendants argue that the complaint does not establish any adverse employment action and, even if it did, it does not raise "a plausible inference that the [adverse actions] would not have occurred 'but for' [the] protected activity." (ECF No. 5-1, at 8).

For the purposes of Title VII's antiretaliation provision, an action is adverse if it might "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Here, Plaintiff has alleged that she received a written

warning, as a result of which Defendant Schwab withheld her "sales bonus." (ECF No. 1, at 13-14). It is axiomatic that a reasonable person may be dissuaded from making a charge of discrimination if, by doing so, she would lose income she was entitled to. *See Burlington N. & Santa Fe Ry Co.*, 548 U.S. at 72 (finding a 37-day suspension without pay constituted an adverse action even when the person was later reinstated with backpay). Because withholding a bonus can constitute an adverse action, particularly for a retaliation claim, it is not necessary to address whether not being alerted to the office closure could also constitute an adverse action.

"[A] plaintiff making a retaliation claim . . . must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tx. Sw. Ctr. v. Nassar*, 133 S.Ct. 2517, 2534 (2013). At this stage of litigation, Plaintiff only needs to establish a prima facie case of causation which is a lower standard than actual causation and all reasonable inferences are drawn in her favor. *Foster v. Univ. of Maryland-Eastern Shore*, 787 F.3d 243, 251 (4th Cir. 2015); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). The Fourth Circuit has found that an employee's claim that she was fired "after her employer became aware that she had filed a discrimination charge . . . . satisfies the less onerous burden of making a prima facie case

of causality." *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989).

Plaintiff alleges that she was disciplined including the issuance of a warning resulting in loss of a bonus within two months of the EEOC dismissing her first EEOC complaint. Although not crystal clear, she does allege that the people disciplining her knew about her first EEOC complaint and also notes the coincidence of timing, that other people who had received complaints did not receive the same punishment, and that this was her first complaint in five years of employment. (ECF No. 1, at 13). It is a reasonable inference that the branch manager knew about the complaint. The facts as pled plausibly support a claim of retaliation, and, therefore, Plaintiff's retaliation claim will be allowed to continue.

**F. Leave to Amend**

"The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F.Supp.2d 811, 825 (D.Md. 2013) (internal quotation marks omitted). "Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice." *Adams v. Sw. Va. Reg'l Jail Authority*, 524 F.App'x 899, 900 (4th Cir. 2013). Nevertheless, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim."

*Weigel*, 950 F.Supp.2d at 826. Moreover, in this case Plaintiff failed to timely respond to a motion to dismiss, and, her much belated response did not address any of Defendants' arguments about the discrimination claims. Instead, she reiterates that the focus of her current complaint is retaliation. "When a plaintiff fails to oppose a motion to dismiss, a district court is entitled . . . to rule on the motion and dismiss the suit on the uncontroverted bases asserted in the motion." *White v. Wal Mart Stores, Inc.*, No. ELH-13-00031, 2014 WL 1369609, at *2 (D.Md. April 4, 2014) (internal quotation marks and alterations omitted).

To the extent Plaintiff's claims are dismissed, they are dismissed with prejudice. Defendants' arguments have pointed to flaws in Plaintiff's case, and Plaintiff has not addressed these concerns.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant Charles Schwab and Defendant Gregory Matthews will be granted, in part, and denied, in part. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
