UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TONYA A. MACKIN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES SCHWAB & CO., INC., )<br>)<br>    Defendant. )<br>) | Case No.:    8:16-cv-03923-DKC |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

Charles Schwab & Co., Inc. ("Defendant"), by counsel and pursuant to Federal Rule of Civil Procedure 37 and Local Rules 104.8 and 105, moves to compel Plaintiff to respond to Defendant's discovery requests.

### BACKGROUND

This is an employment case. Following adjudication of Defendant's motion to dismiss, Plaintiff's sole claim is for retaliation. Plaintiff is proceeding *pro se*.

A Scheduling Order was issued October 31, 2017, and discovery closes March 15, 2018. *See* Dkt. 16.

On November 7, 2017, Defendant served its First Request for the Production of Documents and First Set of Interrogatories. *See* documents attached as Exhibit B. Plaintiff's responses were due December 7, 2017. Plaintiff did not provide responses or documents on that date and did not seek an extension of time to respond.

On December 21, 2017, Defendant mailed and emailed Plaintiff a letter, asking about the status of discovery responses and requesting that Plaintiff provide comprehensive responses by January 4, 2018. *See* Exhibit A. Plaintiff refused to provide responses, stating:

> You have received documents requested submitted when the orginal (sic) claim was filed with the court. You verified in previous correspondence that you received the documentation. I did not receive your discovery information in a timely manner it was to be received by November 14th it was mailed on the 14th not received. that she is not obligated to do so.

Defendant then explained Plaintiff's discovery obligations and provided additional copies of the discovery requests. Counsel for Defendant again requested that Plaintiff provide responses to Defendant's discovery requests not later than January 4, 2018 to avoid Court intervention. *See* Exhibit A.

Plaintiff did not respond and has not provided any discovery responses or documents. This motion has become unavoidable.

## ARGUMENT

Plaintiff's failure to respond to Defendant's discovery requests is in violation of the Federal Rules of Civil Procedure and prejudices Defendant's ability to defend this case.

Plaintiff's discovery responses were due on December 7, 2017. After providing Plaintiff with a two week grace period, on December 21, 2017, Defendant, in good faith, attempted to obtain discovery responses without Court intervention. In response, Plaintiff insisted that she was not required to comply with her discovery obligations and that she was not required to respond to Defendant's interrogatories or requests for production of documents. *See* Exhibit A.

Plaintiffs' failure to respond is derogation of the Rules and the fact that she produced *de minimus* selected documents with her Complaint does not change that fact. Fed. R. Civ. P. 33-34.

Plaintiff should be compelled to produce comprehensive responses to Defendant's discovery requests unencumbered by objection, which have now been waived. *Hall v. Sullivan*, 231 F.R.D. 468, 474–75 (D. Md. 2005); *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 653 (D. Md. 1997). Plaintiff should also be compelled to produce all responsive

5

documents. Finally, Plaintiff should be ordered to pay Defendant's expenses, including reasonable attorneys' fees, incurred in making this Motion. Fed. R. Civ. P. 37(5)(A). Indeed, there are no circumstances here that make an award of fees unjust, including Plaintiff's *pro se* status. *O'Neal v. Cook Motorcars, Ltd.*, No. CIV. L-96-1816, 1997 WL 907900, at *1 n. 1 (D. Md. Apr. 1, 1997), *aff'd*, 149 F.3d 1169 (4th Cir. 1998) (*pro se* status does not excuse plaintiff from the strictures of the federal rules) (*citing Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir. 1994) ("pro se litigants are not entitled to general dispensation from the rules of procedure or court imposed deadlines.")); *Sanders v. Enos Contractors*, No. ELH-13-2590, 2015 WL 13022279, at *1 (D. Md. Dec. 4, 2015) ("Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural rules without which effective judicial administration would be impossible.") (internal citation omitted); *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 294 (D. Md.), *aff'd*, 546 Fed.Appx. 187 (4th Cir. 2013) (explaining that "a plaintiff's *pro se* status, neglect, inadvertence, or ignorance are impotent to show good cause").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court order Plaintiff to provide comprehensive responses to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents, unencumbered by objection, within seven (7) days of entry of the Court's Order, and to award Defendant its costs and reasonable attorneys' fees incurred in making this Motion.

Dated: January 16, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Raymond C. Baldwin*
Raymond C. Baldwin (Bar No. 25449)
Samantha L. Brooks (Bar No. 20264)
975 F Street N.W.
Washington, DC 20004
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
rbaldwin@seyfarth.com

*Attorneys for Defendant*

43807504v.2