IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

TONYA A. MACKIN                    :

                                   :

     v.                            :   Civil Action No. DKC 16-3923

                                   :

CHARLES SCHWAB & CO., INC.
et al.                             :

**MEMORANDUM OPINION & ORDER**

On January 16, 2018, Defendant Charles Schwab & Co., Inc. moved to compel Plaintiff to respond to discovery requests. (ECF No. 17). Plaintiff has not responded to the motion. The scheduling order provides, "Rule 26(a)(1) initial disclosures are required to be served on opposing parties on or before November 14, 2017. All depositions and other discovery shall be completed by March 15, 2018." (ECF No. 16) (emphasis in original). According to Defendant's motion, Defendant served its first request for production and interrogatories pursuant to Rule 26(b) on November 7, 2017. Plaintiff did not respond. Defendant inquired about the non-response, and Plaintiff explained:

> You have received documents requested submitted when the orginal (sic) claim was filed with the court. You verified in previous correspondence that you received the documentation. I did not receive your discovery information in a timely manner it was to be received by November 14th it was

>       mailed on the 14th not received. that she is
>       not obligated to do so.

(ECF No. 17-2, at 2). Plaintiff's objection is not very clear and not well taken. Any delay by Defendants in providing initial disclosures does not excuse Plaintiff's duty to respond to other discovery disputes. The parties are expected to engage cooperatively in a continuous exchange of information during discovery consistent with the federal rules and without further court intervention. 8 Charles Allan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 2001 (3[d] ed. 2017). A party is obligated to respond to written discovery requests in a timely fashion. Plaintiff failed to respond to Defendant's first discovery requests, and she has, therefore, forfeited any objections to the requests. Fed.R.Civ.P. 33(b)(4). Accordingly, Plaintiff will be ordered to provide full and complete responses by February 21, 2018.

Plaintiff is also warned about the consequence of failing to comply with this Order and future requests for discovery. Fed.R.Civ.P. 37(b)(2)(A) provides, "If a party . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders." The possible sanctions include:

>       (i) directing that the matters embraced in
>       the order or other designated facts be taken
>       as established for purposes of the action,
>       as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A). A party's failure to obey provide or permit discovery may result in dismissal of an action. *Hathcock v. Navistar Intern. Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) ("the express terms of Rule 37 permit a trial court to impose sanctions when 'a party fails to obey an order to provide or permit discovery.'"). In determining the proper sanction, a district court applies a four-factor test:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and

> callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default. In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct.

*Mutual Federal Sav. and Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citations omitted).

Accordingly, it is this 7th day of February, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion to compel (ECF No. 17) BE, and the same hereby IS, GRANTED;

2. Plaintiff is directed to provide full and complete responses to Defendant's First Request for Production of Documents and Interrogatories by no later than February 21, 2018; and

3. The clerk IS DIRECTED to transmit a copy of this Memorandum Opinion and Order to Plaintiff and to counsel for Defendant.

                                        /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge