```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

TONYA A. MACKIN                 :
                                :
                                :
     v.                         :   Civil Action No. DKC 16-3923
                                :
CHARLES SCHWAB & CO., INC.      :
et al.                          :

**MEMORANDUM OPINION**

On October 16, 2018, Defendant Charles Schwab moved to compel because Plaintiff Tonya Mackin refused to respond to its discovery requests. (ECF No. 17). Plaintiff was ordered to provide full and complete responses to Defendant's initial discovery requests. (ECF No. 18). On February 21, Plaintiff sent Defendant an email with answers to some of Defendant's requests. Defendant responded requesting further details, and Plaintiff stated that the requests sought "excessive [and] irrelevant information[.]" (ECF No. 21-2, at 4).

On April 24, 2018, Defendant filed a notice pursuant to Local Rule 104.7. The notice stated that Defendant had alerted Plaintiff to the motion to compel on March 9, and Plaintiff had not provided a response. Defendant had called Plaintiff and attempted to set-up a time to talk, but the efforts had been unsuccessful. (ECF No. 21-1). Accordingly, Defendant moved to compel. (ECF No. 21-2). Plaintiff has not responded.

**I.  Discovery Standards**

Pursuant to Fed.R.Civ.P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  A party can obtain discovery from an opposing party via serving an interrogatory.  An interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath," Fed.R.Civ.P. 33(b)(3), and "the person who makes the answer must sign them," Rule 33(b)(5).  If a party has an objection, the party must specifically state the grounds.  Rule 33(b)(4).

Parties can also obtain discovery by requesting that the opposing party produce documents or allow documents to be inspected.  Fed.R.Civ.P. 34. Under Rule 34, once one party requests the production of a document, the other party must respond either by producing the document, allowing its inspection, or objecting to the production.

**II. Analysis**

The first interrogatory requests information about any person who has knowledge related to the complaint. Plaintiff failed to provide the information requested. Instead, she said that Defendant is "aware of what took place[.]"  (ECF No. 21-2, at 5).  This is a not a valid answer to an interrogatory, and Plaintiff must provide a complete answer.

The second interrogatory requests information about people with whom Plaintiff has discussed the allegations including details about who she talked to, when she talked to them, and what they discussed. Plaintiff said it was largely the same people as previously identified but did not provide any information about what was discussed, when it was discussed, or any other responsive information. (ECF No. 21-2, at 5).

The third interrogatory requests information about people who helped Plaintiff prepare answers to the interrogatories, the fourth interrogatory requests information about people Plaintiff has contacted about testifying, the seventh interrogatory requests information about other legal actions to which Plaintiff has been a party, the fourteenth interrogatory requests information about whether Plaintiff has filed for bankruptcy, the fifteenth interrogatory requests information about health providers who Plaintiff has seen for problems related to the complaint, the sixteenth interrogatory requests information related to criminal history, the seventeenth interrogatory request information about internal grievances Plaintiff has filed, the eighteenth interrogatory requests information about prior testimony in legal proceedings, and the nineteenth interrogatory requests information about any expert witnesses Plaintiff has engaged. For all of these interrogatories, Plaintiff responded, "N/A" or "Not Applicable."

Plaintiff must provide full answers to these questions. If the answer is that no one helped her prepare the answers, she has talked to no one about testifying, she has never been a party to litigation, she has never filed for bankruptcy, she has seen no health providers, she has no criminal history, she has never filed an internal grievance even though her complaint alleges that she has, she has never testified in a legal proceedings, and she has no experts that she plans to use, then Plaintiff must state so explicitly.

The fifth and sixth interrogatories request information relating to the alleged damages including facts supporting the various injuries, the types of damages sought, and the method for calculating the damage figure related to the injuries. Plaintiff provided the same answer for both questions. She stated that her life was put in danger by not being properly informed about the branch closing during Superstorm Sandy, and, therefore, she is entitled to the statutory maximum. She added that she lost a bonus and a month of earned vacation. She did not specify the amount of the bonus or the value of the earned vacation. Plaintiff must provide specific facts to support the various injuries she alleges and the method for calculating the damages related to those injuries. (ECF No. 21-2, at 6-7).

The eighth interrogatory requests information about all income received since 2006 including dates and the nature of the

source, and the eleventh interrogatory requests information about times when Plaintiff has been unemployed and if she received unemployment benefits. Plaintiff's answers identify no source of money since 2013. Plaintiff appears to state she was unemployed while she was in school but must do so explicitly. Plaintiff finished school in 2017 and has obtained employment, but she provides no information about whether she receives a salary from her new job. (ECF No. 21-2, at 7, 8).

The ninth interrogatory requests information about Plaintiff's effort to obtain employment since leaving Defendant. Plaintiff did not identify any efforts stating, "Not available too many to obtain and provide used various methods and some were out of state." (ECF No. 21-2, at 8). Plaintiff is required to provide information on her attempts to obtain employment. Even if she sent in numerous job applications using different means, then she must, to the best of her ability, list all of the applications and what happened.

The tenth interrogatory requests information about Plaintiff's employment history including supervisors and any reprimands. Plaintiff responded, "See resume attached." (ECF No. 21-2, at 9). This answer does not provide the information Defendant sought.

The thirteenth interrogatory requests information related to Plaintiff's telephone numbers, email addresses, and social

5

networks. Plaintiff identified her current telephone number but did not provide carrier information. She also identified having a LinkedIn account. Plaintiff has not provided all information requested and must do so.

The twentieth interrogatory requests information about which documents were used and how they were used to answer the interrogatories. Plaintiff simply states, "Documents were attached to a separate email." (ECF No. 21-2, at 13). This answer leaves Defendant to guess at how the documents were used.

As to the requests for production of documents, Plaintiff has not responded at all.

Plaintiff will be compelled to provide full and complete responses to all the interrogatories and the request for production. She must do so in a signed writing under oath. Fed.R.Civ.P. 33. Plaintiff is again warned of the consequences of failing to comply with this order. Sanctions for failing to participate in discovery include "dismissing the action or proceeding in whole or in part." Fed.R.Civ.P. 37(b)(2)(A)(v).

**III. Conclusion**

For the foregoing reasons, the motion to compel filed by Defendant Charles Schwab will be granted. A separate order will follow.

                                               /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge