IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONYA A. MACKIN

    v.      :    Civil Action No. DKC 16-3923

CHARLES SCHWAB & CO., INC.

**MEMORANDUM OPINION**

Defendant Charles Schwab & Co. ("Defendant") filed a motion for sanctions in this Fair Labor Standards Act ("FLSA") case on June 26, 2018. (ECF No. 26). Plaintiff filed a motion for sanctions pursuant Fed.R.Civ.P. 11 on October 31, 2018. (ECF No. 34). The issues have been briefed, and the court now rules, no hearing being deemed necessary.[1] Local Rule 105.6. Because Plaintiff Tonya Mackin ("Plaintiff") attempted to comply with Defendant's discovery requests and the Court's Orders, dismissal is not the appropriate sanction at this time. However, due to her failure to comply fully with Defendant's discovery requests, Plaintiff will be barred from introducing additional evidence if her case proceeds to trial and her present motion for sanctions is denied.

---

[1] Defendant moved to strike Plaintiff's motion for sanctions on November 9, 2018. (ECF No. 35).

## I. Background[2]

The court issued a Memorandum Opinion and Order on August 21, 2018, directing Plaintiff to provide full responses to discovery requests within 14 days and arrange her deposition within 28 days. (ECF No. 31). Defendant filed a Praecipe on September 11, 2018, positing that Plaintiff's September 10, 2018 responses to discovery were incomplete and submitted after the 14-day court-imposed deadline. (ECF No. 32). On September 11, 2018, Plaintiff filed correspondence in the court's nighttime drop box explaining that she omitted weekends and the Labor Day holiday when calculating the 14-day deadline for submitting her discovery responses to Defendant. Plaintiff's correspondence included a copy of the updated discovery responses she emailed to Defendant on September 10, 2018. The email also included a discussion of Plaintiff's availability and indicated her intent to schedule a deposition at a time convenient to both parties. (ECF No. 33). Plaintiff filed a motion for sanctions pursuant to Fed.R.Civ.P. 11 on October 21, 2018. (ECF No. 34).

---

[2] Additional recitation of the factual background can be found in the court's prior memorandums granting the first and second motion to compel filed by Charles Schwab & Co., Inc. (ECF Nos. 18 & 24), and Show Cause Order directing Plaintiff to show cause why her complaint should not be dismissed. (ECF No. 28).

**II. Analysis**

   **A. Defendant's Motion for Sanctions**

Defendant seeks to sanction Plaintiff pursuant to Federal Rules of Civil Procedure 37(b)(2)(A), 37(d), and 41(b). (ECF No. 26, at 1). Defendant asserts that "Plaintiff's defiance of the [c]ourt's Orders" and "failure to produce basic discovery information" demonstrate bad faith, prejudice Defendant, and warrant dismissal of Plaintiff's complaint. (*Id.*). Plaintiff responds that she "provided [Defendant] with all the information [she has]" and complied with the Court's Orders to provide discovery. (ECF No. 33, at 1-3).

Rule 37(b)(2)(A) permits a district court to impose certain punitive measures, up to and including dismissal, on any party who disobeys a discovery order. Fed.R.Civ.P. 37(b)(2)(A). "Rule 37(b)(2) gives the court a broad discretion to make whatever disposition is just in the light of the facts of the particular case." Charles Alan Wright, et al., Fed. Prac. & P. § 2289 (3d ed. 2018); *see also Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 518 (D.Md. 2000) ("Federal district courts possess great discretion to sanction parties for failure to obey discovery orders."). But "[w]hile the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, it is not a discretion without bounds or limits." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (quotation

marks and brackets omitted). This is particularly so when a party requests the severe penalty of dismissal. *Id.*

Similarly, Rule 37(d) allows the court to impose certain sanctions on a party who fails to respond to interrogatories; fails to respond to a request for inspection; or fails to appear for properly noticed depositions. Unlike where a party provides inadequate or incomplete discovery responses, Rule 37(d) allows for the imposition of sanctions, including dismissal or entry of default, even when the noncomplying party has not violated a court order. Charles Alan Wright, et al., Fed. Prac. & P. § 2291 (3d ed. 2018) ("No court order is required to bring Rule 37(d) into play. It is enough that a notice of the taking of a deposition or a set of interrogatories or a request for inspection has been properly served on the party.").

Imposition of any sanction under Rule 37 requires consideration of four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

Rule 41(b) likewise grants the court authority to dismiss an action "[i]f the plaintiff fails to prosecute or to comply

4

with these rules or a court order." A request for dismissal under this rule requires analysis of four similar factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990). "'[T]he [c]ourt will combine the two tests in determining if dismissal is appropriate under Rules 37[] and 41[]' because the legal standards for dismissal under both rules are 'virtually the same.'" *Lance v. Megabus Ne., LLC*, No. PWG-16-3459, 2017 WL 3480800, at *2 (D.Md. Aug. 14, 2017)(quoting *Taylor v. Fresh Fields Markets, Inc.*, No. 94-0055-C, 1996 WL 403787, at *2 (W.D.Va. June 27, 1996)).

Plaintiff acted in bad faith by repeatedly failing to comply with the court's Orders to provide complete discovery responses. The court's May 22, 2018 Memorandum Opinion provided Plaintiff with a detailed list of the discovery requests that remained outstanding at that time, and directed Plaintiff to "provide full and complete responses to all the interrogatories and the request for production . . . in a signed writing under oath." (ECF No. 24, at 6). In response, Plaintiff failed to comply with the court's orders and provided only a meager amount of additional information that hardly qualified as a full and

5

complete response to the outstanding discovery requests. However, it is unlikely that Defendant is substantially prejudiced by Plaintiff's lack of compliance. While insufficient, Plaintiff's responses provide Defendant with enough information to begin building a defense. As for the need to deter future noncompliance, it is evident that Plaintiff requires such deterrence based on her continued defiance of the court's Orders. Lastly, as explained in further detail below, dismissal is not the only sanction that would effectively deter Plaintiff's potential future noncompliance.

Based on the four factors, sanctions are warranted but dismissal is not the appropriate sanction at this time. The sanction of dismissal is to be used sparingly, and is usually called upon in cases where a party is unresponsive or largely absent. *See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) ("[O]nly the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default."); *Roman v. ESB, Inc.*, 550 F.2d 1343, 1349 (4th Cir. 1976) (finding dismissal sanction appropriate where plaintiffs "had failed to respond to interrogatories; failed to respond to an order entered by the district court requiring a response to the interrogatories; and additionally failed to

respond upon specific request after the court had denied, without prejudice, a first motion to dismiss"); *Malry v. Montgomery Cty. Pub. Sch.*, No. 11-CV-00361-AW, 2013 WL 812020, at *2 (D.Md. Mar. 3, 2013) (dismissing *pro se* plaintiff's employment discrimination complaint pursuant to Rule 37(d) where he failed to respond to interrogatories, produce requested documents, or attend a properly noticed deposition). Given Plaintiff's *pro se* status, her correspondence and attachments are construed as an attempt to satisfy the court's August 21, 2018 Order.[3] Although Plaintiff's discovery responses remain incomplete, Plaintiff supplemented her prior discovery responses by providing Defendant with further information via e-mail on September 10, 2018. (ECF No. 32-1, at 2). Finally, Plaintiff also provided Defendant with her availability in an attempt to schedule a deposition (*id.*), but Defendant failed to clarify a preferred deposition date and time in its reply email (ECF No. 32-2, at 2). Because dismissal is reserved for more egregious cases of noncompliance, it is not a suitable sanction at this time in light of Plaintiff's attempts to comply. Additionally, as directed in the foregoing Order, the parties are instructed to schedule and complete Plaintiff's deposition.

---

[3] Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Although Plaintiff's attempts to comply shield her case from dismissal, they do not shelter her from the alternative sanctions permitted under Rule 37(b)(2)(A). Specifically applicable here is Rule 37(b)(2)(A)(ii), which provides the court discretion to "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." In the event that Plaintiff's case proceeds to an adjudication on the merits, according to Rule 37(b)(2)(A)(ii), Plaintiff will be barred from introducing evidence that was not already provided to Defendant through initial disclosures or discovery. This sanction more appropriately addresses any potential prejudice to Defendant by limiting Plaintiff's ability to bolster her claims with additional dilatory evidence in the same way Defendant has been limited by her scant discovery responses.

**B. Plaintiff's Motion for Sanctions**

Plaintiff seeks to sanction Defendant pursuant to Federal Rule of Civil Procedure 11. (ECF No. 34). Plaintiff alleges that Defendant "failed to comply with the orders of the court to make themselves available for the deposition and used the legal system to delay the resolution of this case." As a sanction, Plaintiff requests that the court "mediate[] a settlement to resolve this case."

"[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Under Rule 11, by presenting a written motion to the court, an attorney or unrepresented party "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the motion is, among other things, "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" and that its "allegations and other factual contentions have evidentiary support." Fed.R.Civ.P. 11(b).

The bar for finding a filing to be frivolous is high: "We have recognized that maintaining a legal position to a court is only sanctionable when, in 'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (quoting *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998)). Thus, to avoid sanctions, an "allegation merely must be supported by some evidence." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1377 (4th Cir. 1991) (emphasis in original). Furthermore, "[m]otions for sanctions are to be

9

filed sparingly," and "[t]he keynote is cooperation and simple solutions, not paperwork and unnecessary expense to clients." *Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 366 (D.Md. 1994). Whether "to impose Rule 11 sanctions, and the quality and amount of sanctions imposed," are all matters within the discretion of the district court. *Miltier v. Downes*, 935 F.2d 660, 663 (4th Cir. 1991); *see also* Fed.R.Civ.P. 11(c)(1) ("If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction[.]" (emphasis added)).

Defendant's claims are not objectively unreasonable and frivolous as to warrant sanctions. Defendant's motion for sanctions is based on Plaintiff's continued refusal to answer all of Defendant's discovery requests. Both Plaintiff and Defendant evidenced Plaintiff's unwillingness by providing the court with copies of Plaintiff's correspondence and incomplete responses. Plaintiff's allegations that Defendant used "frivol[ou]s motions and baseless complaints of non-compliance" to delay her case are without merit. Thus, Plaintiff's request to sanction Defendant by ordering mediation is denied. If, at any time, the parties consent to mediation, they may notify the court accordingly and their case will be referred to a magistrate judge for that purpose.

                                                            /s/
                               DEBORAH K. CHASANOW
                               United States District Judge