IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONYA A. MACKIN

     v.                         Civil Action No. DKC 16-3923

CHARLES SCHWAB & CO., INC.

**MEMORANDUM OPINION**

Defendant Charles Schwab & Co. ("Defendant") filed a motion to dismiss or, in the alternative, to compel attendance at deposition and impose sanctions in this Fair Labor Standards Act ("FLSA") case on February 2, 2019. (ECF No. 38). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to dismiss will be granted and Plaintiff's complaint will be dismissed.

**I.    Background[1]**

The court issued a Memorandum Opinion and Order on August 21, 2018, directing Plaintiff to arrange her deposition within 28 days. (ECF No. 31). Plaintiff emailed Defendant on September 10, 2018

---

[1] Additional recitation of the factual background can be found in the court's prior memoranda addressing Defendant's previous motions for sanctions (ECF Nos. 18, 24, 36) and show cause order directing Plaintiff to show cause why her complaint should not be dismissed (ECF No. 28).

indicating her dates of availability and intent to schedule a deposition at a time convenient to both parties. (ECF No. 33). After Defendant failed to respond to Plaintiff's email and both parties requested sanctions, the court issued another memorandum opinion and order on January 8, 2019 directing the parties to schedule Plaintiff's deposition within twenty-eight (28) calendar days. (ECF Nos. 36 & 37).

Defendant emailed Plaintiff a notice of deposition on January 15, 2019 and told Plaintiff the deposition would take place on February 5, 2019. (ECF No. 38-3, at 6). Plaintiff responded via email four days later, on January 19, 2019, stating that she was unavailable on February 5, 2019. (*Id.*). Defendant responded to Plaintiff on the same day, suggesting that the deposition take place on February 19 or 20, 2019, and asking Plaintiff to confirm her availability on those days. (*Id.*, at 5). Plaintiff responded to Defendant on the same date stating that she would "get back to [Defendant] with a date and time" that she was available. (*Id.*). Defendant responded to Plaintiff on January 21, 2019, asking Plaintiff to "provide a number of available dates and please do so promptly." (*Id.*). Defendant again inquired about Plaintiff's availability via email on January 23, 2019. (*Id.*, at 4). Once more, Defendant emailed Plaintiff on January 30, 2019, noting Plaintiff's lack of response and stating its intent to seek the court's assistance because it believed Plaintiff was refusing to

appear. (*Id.*, at 3). Plaintiff responded to Defendant on the same date, stating that she would have to provide her dates of availability at an unspecified point in the future because she had "appointments and other commitments already scheduled and . . . had unexpected changes come up as well." (*Id.*). Defendant responded to Plaintiff on the same date, stating that, due to the court's January 8, 2019 order, the deposition must take place "within a particular time period." (*Id.*, at 2). In this email and a follow-up email dated February 1, 2019, Defendant signaled its intent to seek the court's assistance because Plaintiff would not provide Defendant with her dates of availability. (*Id.*).

## II. Analysis

Defendant seeks to sanction Plaintiff pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) and Local Rule 105(8).[2] (ECF No. 38, at 1). Defendant asserts that "Plaintiff's continued defiance now warrants the sanction of dismissal" because it is "substantially prejudiced if Plaintiff will not appear for a deposition." (*Id.*, at 3). Plaintiff has not responded to Defendant's motion.

---

[2] The relevant portion of Local Rule 105(8) does not provide a standard for issuing sanctions, but instead states that motions for sanctions should "not be filed as a matter of course." Here, Defendant complied with Local Rule 105(8) because Defendant filed its motion for sanctions in response to Plaintiff's noncompliance with the court's January 8, 2019 order.

Rule 37(b)(2)(A) permits a district court to impose certain punitive measures, up to and including dismissal, on any party who disobeys a discovery order. "Rule 37(b)(2) gives the court a broad discretion to make whatever disposition is just in the light of the facts of the particular case." Charles Alan Wright, et al., Fed. Prac. & P. § 2289 (3d ed. 2018); *see also Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 518 (D.Md. 2000) ("Federal district courts possess great discretion to sanction parties for failure to obey discovery orders."). But "[w]hile the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, it is not a discretion without bounds or limits." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (quotation marks and brackets omitted). This is particularly so when a party requests the severe penalty of dismissal. *Id.*

Imposition of any sanction under Rule 37 requires consideration of four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

Rule 41(b) likewise grants the court authority to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." A request for dismissal under this

rule requires analysis of four similar factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990). "'[T]he [c]ourt will combine the two tests in determining if dismissal is appropriate under Rules 37[] and 41[]' because the legal standards for dismissal under both rules are 'virtually the same.'" *Lance v. Megabus Ne., LLC*, No. PWG-16-3459, 2017 WL 3480800, at *2 (D.Md. Aug. 14, 2017) (quoting *Taylor v. Fresh Fields Markets, Inc.*, No. 94-0055-C, 1996 WL 403787, at *2 (W.D.Va. June 27, 1996)).

Plaintiff indicated an intent to comply with the court's January 8, 2019 order by stating in an email to Defendant that she would "get back to [Defendant] with a date and time" of availability. (ECF No. 38-3, at 5). However, Plaintiff failed actually to provide Defendant with a single date of availability. Although Plaintiff indicated in a later email to Defendant that "the staffing situation at [her] place of employment" may prohibit her from taking time off to attend a deposition, she failed to provide Defendant with any indication of when the circumstances constraining her availability may change or reach out to the court to request an extension of the deadline to complete her deposition. (*Id.*, at 3). Due to Plaintiff's silence and limited communication,

Defendant was unable to schedule or conduct Plaintiff's deposition. Thus, Plaintiff acted in bad faith by failing to comply with the court's order to schedule her deposition by February 5, 2019.

It is also likely that Defendant is prejudiced by Plaintiff's lack of compliance. The parties previously engaged in a lengthy discovery battle over Plaintiff's lack of responses and minimal responses to Defendant's request for production of documents and interrogatories. (*See* ECF No. 28). Plaintiff's inadequate responses to Defendant's interrogatories and requests for production of documents, combined with Plaintiff's recent refusal to schedule a deposition, have prevented Defendant from learning about Plaintiff's case theory or the witnesses and experts she plans to call at trial. As a result, Defendant has been unable to evaluate the merits of Plaintiff's claim and prepare its defense. *See Rogler v. Phillips Bldg. Mental Retardation Program*, 126 F.R.D. 509, 514 (D.Md. 1989), *aff'd*, 898 F.2d 147 (4th Cir. 1990) ("[T]he nature of the noncompliance by plaintiff, and the effect upon defendants' ability to defend in this case in the absence of the discovery from plaintiff . . . and in the face of plaintiff's refusal to specify certain of her claims, make it necessary, in fairness to defendants, that this Court at this time grant their motion to dismiss[.]") (internal quotations omitted).

As for the need to deter future noncompliance, it is evident that Plaintiff requires such deterrence based on her continued defiance of the court's orders.

Lastly, dismissal is the only sanction that would effectively deter Plaintiff's potential future noncompliance. Although the sanction of dismissal is to be used sparingly, it is appropriate here because Plaintiff's continued noncompliance "represents bad faith and callous disregard for the authority of the district court and the Rules." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). "Pro se litigants are entitled to some deference from courts[,] [b]ut they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).

According to the court's original scheduling order in this case, the discovery period should have closed on March 15, 2018. (ECF No. 16). Plaintiff's unresponsiveness and noncompliance has prolonged discovery for over a year. The court warned Plaintiff on three previous occasions that her claim could be dismissed if she continued to refuse Defendant's discovery requests or defy the court's orders. (*See* ECF Nos. 18, at 3; 31, at 2; 24, at 6). Nevertheless, Plaintiff continued to flout Defendant's discovery requests or provide only the minimal compliance necessary for her

claim to survive. Noting Plaintiff's *pro se* status, the court previously issued lesser sanctions against Plaintiff to mitigate the prejudice her inadequate discovery responses caused to Defendant. (*See* ECF No. 36, at 8) ("In the event that Plaintiff's case proceeds to an adjudication on the merits, according to Rule 37(b)(2)(A)(ii), Plaintiff will be barred from introducing evidence that was not already provided to Defendant through initial disclosures or discovery."). Still, Plaintiff's noncompliance continues. Accordingly, Defendant's motion to dismiss will be granted and Plaintiff's complaint will be dismissed.[3]

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[3] Defendant argues that "[i]n the alternative, Plaintiff should be ordered to appear for deposition on a date convenient for, and selected by, Defendant . . . [and] ordered to pay Defendant's attorney's fees incurred in having to file this [m]otion." (ECF No. 38, at 4). Because Defendant's request for dismissal will be granted, Defendant's alternative request will not be evaluated.